UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ACHTE/NEUNTE BOLL KINO                  )
BETEILIGUNGS GMBH & CO KG,              )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )   Civil Action No. 11-10268-PBS
                                        )
PATRICK PLEBANIAK,                      )
                                        )
            Defendant.                  )
_____)

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR RELIEF FROM DEFAULT JUDGMENT PURSUANT TO FED R. CIV.P. 60(b)
[Docket No. 20]

March 18, 2013

Boal, M.J.

Defendant Patrick Plebaniak ("Plebaniak") moved for relief from the order of the District Court entering a default judgment against him and in favor of plaintiff Achte/Neunte Boll Kino Beteiligungs Gmbh & Co KG ("Achte") in the amount of $31,595.00. For the following reasons, I recommend that the District Judge assigned to this case DENY the motion.

I.   PROCEDURAL BACKGROUND

On February 16, 2011, Achte commenced the instant action against Plebaniak, alleging that Plebaniak had infringed Achte's copyright for the motion picture "Far Cry." Docket No. 1. On February 17, 2011, Achte filed a motion for appointment of a special process server, which the Court granted on March 1, 2011. Docket No. 5.

Achte filed a return of service of process on March 30, 2011. Docket No. 7. The return

stated that Harold L. March, Special Federal Process Server, had "personally served the summons on [Plebaniak]" at 49 Gill Street, Avon, Massachusetts on March 21, 2011. Docket No. 7 at 2.

On May 10, 2011, the Clerk entered a notice of default against Plebaniak. Docket No. 10. Achte filed a motion for default judgment on May 12, 2011. Docket No. 11. The certificate of service indicates that a copy was mailed to Plebaniak. Achte sought statutory damages of $30,000 under the Copyright Act. See Docket No. 12 at 11-16. Achte also sought recovery of costs and attorneys' fees in the amount of $1,595. Id. at 17-18.

On June 9, 2011, the District Court entered default judgment against Plebaniak and in favor of Achte in the amount of $31,595. Docket No. 15. The District Court issued a writ of execution on November 17, 2011.

On May 4, 2012, Plebaniak filed the instant motion seeking relief from the default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Docket No. 20. Achte filed its opposition on June 4, 2012. Docket No. 25. The District Court referred the motion to the undersigned for a report and recommendation on June 13, 2012. Docket No. 27. This Court heard oral argument on October 17, 2012. This Court encouraged the parties to engage in settlement discussions. To that end, the parties participated in a mediation on November 15, 2012 and continued their settlement discussions thereafter.

II.     FACTUAL BACKGROUND

    A.     The D.C. Lawsuit And The Class Action

On March 18, 2010, Achte filed a suit in the United States District Court for the District of Columbia against 2,094 anonymous individuals ("John Doe Defendants"), alleging

infringement of Far Cry. Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg v. Does 1-2,094, No. 10-cv-453 (D.D.C.) (the "D.C. Lawsuit"). The D.C. Lawsuit alleged that the John Doe Defendants had infringed Achte's copyright in Far Cry. D.C. Lawsuit at Docket No. 1. On the same date, Achte sought leave of court to serve subpoenas on Internet Service Providers ("ISPs") around the country to determine the identity of the John Doe Defendants and their contact information. D.C. Lawsuit at Docket No. 3.

On May 12, 2010, Achte filed a First Amended Complaint, raising to 4,577 the alleged number of infringers of Far Cry. D.C. Lawsuit at Docket No. 12. Ultimately, Achte voluntarily dismissed its claims against 4,437 of the John Doe Defendants. D.C. Lawsuit at Docket No. 144.

On November 24, 2010, in the District of Massachusetts, Dmitriy Shirokov ("Shirokov") filed a lawsuit on behalf of himself and all others similarly situated, alleging that Achte, with the help of its lawyers, Thomas Dunlap, Nicholas Kurtz and the law firm of Dunlap, Grubb & Weaver PLLC ("DGW"), and others used the D.C. Lawsuit to defraud him and the members of the putative class. Shirokov v. Dunlap, Grubb & Weaver PLLC, et al., No. 10-cv-12043-GAO (D. Mass.) (the "Class Action"). He alleges that the defendants entered into a scheme to profit from copyright infringement allegations through fraud and extortion, which caused members of the class to make millions of dollars in excess settlement payments to the defendants. Shirokov R&R at 1.[1] According to Shirokov, Achte and its lawyers misrepresented Achte's rights in the movie Far Cry to the United States Copyright Office, federal courts and class members. Id. In

---

[1] "Shirokov R&R ___" refers to the undersigned's Report and Recommendation on Defendants' Motions to Dismiss the Second Amended Complaint in the Class Action, affirmed by the District Court on March 27, 2012. The Shirokov R&R is attached as Exhibit 1 to Plebaniak's memorandum of law in support of his motion to vacate the default judgment. (Docket No. 22-1).

summary, Shirokov alleges that the defendants told him and class members that Achte was entitled to statutory damages and attorneys' fees for their alleged copyright infringement, knowing that Achte was not entitled to those remedies. Id. at 1-2.

Shirokov alleges that Dunlap, DGW and others have developed a lucrative trade "in monetizing copyright infringement allegations." Shirokov R&R at 3. DGW and others monitor instances of alleged copyright infringement. Id. DGW then files a single lawsuit in the United States District Court for the District of Columbia against hundreds of John Does from all over the country, regardless of the jurisdiction where the alleged infringements took place. Id. at 4. The complaint alleges mass infringement and petitions the court to issue subpoenas to ISPs, seeking contact information for the alleged infringers. Id.

DGW then uses the information provided by the ISPs to send to the alleged infringers virtually identical "litigation settlement demand" letters. Id. The letters typically demand anywhere from $1,500 to $3,500, under deceptive threats of impending litigation. Id. DGW and its clients allegedly have no intention of litigating these claims to resolution, however. Id. Instead, they expect that many of the letter recipients will pay the demanded amounts in order to avoid litigation expenses and potential statutory damages. Id.

Shirokov alleges that he and the class members received these settlement demand letters from DGW on behalf of Achte. Id. Shirokov alleges that Achte and the other defendants acted together in an effort to coerce him and other class members to pay the amounts demanded, even though they knew that Achte could never prevail on its claim for statutory damages. Id. Based on those allegations, Shirokov asserted nineteen different causes of action.[2]

---

[2] The Class Action Complaint was amended twice. Class Action Docket Nos. 10, 26.

The defendants in the Class Action filed motions to dismiss the Second Amended Complaint and the District Court referred the motions to the undersigned. On March 1, 2012, the undersigned issued a decision recommending that the District Judge grant in part and deny in part the motions to dismiss. Shirokov R&R. The District Judge adopted the Report and Recommendation on March 27, 2012. Class Action Docket No. 90. In summary, after this Court construed the facts alleged in the Complaint in the light most favorable to Shirokov, his claims of conspiracy to commit fraud, aiding and abetting fraud, civil conspiracy, fraudulent and negligent misrepresentation, and unfair or deceptive business practices survived the defendants' motions to dismiss. Id.

On March 26, 2012, Shirokov filed a motion to certify the class. Class Action Docket No. 87. That motion is sub judice.

B.      Plebaniak's Failure To Defend This Action

Plebaniak claims that he was one of the John Doe Defendants in the D.C. Action and appears to suggest that he is a member of the putative class in the Class Action. See Plebaniak Mem. at 3-4.[3] On November 9, 2010, Plebaniak received two letters (for apparently two different ISP addresses) from Achte's lawyers in the D.C. Action, alleging that he had engaged in copyright infringement in relation to the movie Far Cry for two separate dates: January 6, 2010 and March 11, 2010. Plebaniak Aff. at ¶ 3 and Ex. A thereto.[4] Both letters state that the lawyers were authorized to accept the sum of $2,500 as full settlement of Achte's claims but that

---

[3] "Plebaniak Mem. __" refers to cites to the Memorandum in Support of Defendant's Motion for Relief from Default Judgment Pursuant to Fed. R. Civ. P. 60(b). (Docket No. 22).

[4] "Plebaniak Aff. __" refers to cites to the Declaration of Patrick Plebaniak in Support of Motion for Relief from Default Judgment Pursuant to Fed. R. Civ. P. 60(b). (Docket No. 22-3).

the offer expired on November 29, 2010. Plebaniak Aff. at ¶ 5 and Ex. A thereto. Both letters also state that Achte would accept $3,500 to settle the matter after November 29, 2010 but before December 13, 2010. Plebaniak Aff. at ¶ 6 and Ex. A thereto.

Plebaniak states that he believed that the letters were a "scam" and that he did not respond to the letters or otherwise defend the claims against him. Plebaniak Aff. at ¶ 8. He states that he has never seen or heard of the movie Far Cry prior to receiving the letters. Plebaniak Aff. at ¶ 9. Achte then filed suit against Plebaniak individually in this Court on February 16, 2011. After being served (in some cases personally) with the Complaint, the Request for Default and the Motion for Default Judgment, Plebaniak took no action. In his affidavit, Plebaniak offers no explanation as to why he did not respond to the lawsuit.

On January 17, 2012, Achte filed an Application for Supplementary Process at the Massachusetts District Court Department, Stoughton Division (the "Stoughton District Court"). Ex. 1 to Achte's Opp. On January 19, 2012, the Stoughton District Court issued a summons regarding the Supplementary Process Action. Ex. 2 to Achte's Opp.

On January 31, 2012, a Deputy Sheriff served a copy of the summons and Application for Supplementary Process on Plebaniak "by leaving at the last and usual place of abode of Patrick Plebaniak, 49 Gill Street Avon MA 02322 and by mailing first class mail to the above-mentioned address on 2/1/2012." Ex. 2 to Achte's Opp.[5]

On April 5, 2012, Plebaniak appeared in the Stoughton District Court where he alleges that he was told by an attorney for Achte that "the case was in default and that [Plebaniak] would

---

[5] "Achte's Opp. __" refers to cites to the Opposition of Plaintiff Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. to Defendant, Patrick Plebaniak's, Motion for Relief from Default Judgment Pursuant to Fed. R. Civ. P. 60(b). (Docket No. 25).

be sent to jail unless [he] set up a payment plan with [Achte]." Plebaniak Aff. at ¶ 12. On the same date, Plebaniak signed an agreement to pay $600 per month to Achte and to make the first payment on or before May 1, 2012. Plebaniak Aff. at ¶ 13. He has since made the first $600 payment to Achte under the agreement. Plebaniak Aff. at ¶ 14.

Plebaniak states that he never received advice from any attorney before signing the agreement with Achte and that he was not aware of the Class Action or that Achte's claims that it was entitled to statutory damages and legal fees had been called into question by the Class Action. Plebaniak Aff. at ¶ 16. He was also not aware that Achte had released, and had acknowledged the release of, Far Cry in October 2008. Plebaniak Aff. at ¶¶ 17-18.

II.     ANALYSIS

    A.     Standard Of Review

A court "may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) of the Federal Rules of Civil Procedure "empowers federal courts, in certain instances, to vacate judgments 'whenever such action is appropriate to accomplish justice.'" United States v. Kayser-Roth Corp., 272 F.3d 89, 95 (1st Cir. 2001) (quoting Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992)).

Rule 60(b) provides:

> (b) **Grounds for Relief From a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies release.

Fed. R. Civ. P. 60(b).

Rule 60(b) "must be applied so as to 'recognize the desirability of deciding disputes on their merits,' while also considering 'the importance of finality as applied to court judgments.'" Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001) (citation omitted). Accordingly, "Rule 60(b) relief is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'" Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009). In addition, Rule 60(b) motions are committed to the district court's discretion. Teamsters, 953 F.2d at 19.

The First Circuit has identified certain criteria to determine whether relief from judgment is appropriate under Rule 60(b): "(1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party." Kayser-Roth Corp., 272 F.3d at 95 (citing Teamsters, 953 F.2d at 19). In addition, the moving party "must give the trial court reason to believe that vacating the judgment will not be an empty exercise." Id. "Although the movant need not show 'an ironclad claim or defense which will guarantee success at trial,' it must at least demonstrate that it possesses 'a potentially meritorious claim or defense which, if proven, will bring success in its wake." Id. Purely conclusory

allegations are not sufficient to satisfy Rule 60(b).  Id.; Karak v. Bursaw Oil Corp., 288 F.3d 15, 20 n. 3 (1st Cir. 2002).

While the above principles govern Rule 60(b) motions generally, "the precise contours of the applicable standard will depend on the particular subsection involved and the nature of the underlying judgment from which relief is sought."  Id.  Here, Plebaniak has moved under subsections (b)(2), (b)(3), (b)(5) and (b)(6).

B.   Timeliness

As a preliminary matter, Achte argues that Plebaniak's motion is untimely.  Achte Opp. at 5-7.  This Court agrees.

"A motion under Rule 60(b) must be made within a reasonable time" and, if based on subsections (b)(1), (2) or (3), "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  "It is well-established that the one-year limitation period [for motions under subsections (1) to (3)] is an outer limit, and that even a motion brought within a year should be rejected if not made within a reasonable time."  In re New England Mutual Life Ins. Co. Sales Practices Litig., 204 F.R.D. 6, 11 (D. Mass. 2001) (citing Berwick Grain Co. v. Illinois Dept. of Agriculture, 189 F.3d 556, 560 (7th Cir. 1999)).

What constitutes a "reasonable time" under Rule 60(b) depends on all of the circumstances in each case.  United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 660-61 (1st Cir. 1990).  In determining whether a Rule 60(b) motion was filed within a reasonable time, courts consider the length and circumstances of the delay, whether the parties has been prejudiced by the delay, whether a good reason has been presented for failing to take action

sooner, and the circumstances compelling equitable relief.  Id.; Arango v. United States, No. 08-11162, 2012 WL 1565342, at *2 (D. Mass. May 1, 2012).

Plebaniak has not shown that his motion is timely.  He has offered an explanation for ignoring the settlement demand letters and his response to the 2012 summary process proceeding.  He has provided, by affidavit,[6] no explanation for his failure to respond to notices in this action throughout 2011.  For example, he offered no explanation as to why he did not answer or defend this action.  He has never claimed that he lacked notice of this case or the entry of default judgment.  His only explanation for the delay in filing the instant motion is that he did not know that Achte's entitlement to statutory fees or damages had been called into question in the Class Action.  Plebaniak Aff. at ¶ 16.  He argues that "[t]he interplay between the Copyright Act's registration and damages provisions is beyond the ken of the typical layperson."  Plebaniak Mem. at 10.  However, Plebaniak's pro se status does not excuse him from complying with procedural or substantive law.  Martinez-Velez v. United States, No. 02-2515, 2010 WL 3811919, at *1 (D.P.R. Sept. 27, 2010) (citing Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)).

Moreover, the factual basis for his motion was discoverable through the exercise of due diligence even before the default judgment was entered.  Indeed, the Class Action was filed on November 24, 2010, several months before this action was filed.[7]

---

[6] At oral argument, Plebaniak's attorney made a representation that Plebaniak not only thought the settlement letters were part of a scam, but also the court proceedings as well.  Even if presented by affidavit, such an explanation is not sufficient.

[7] Furthermore, while the District Court did not dismiss all of the claims at this stage of the Class Action, that decision does not mean necessarily that the plaintiff will prevail at the end of the day.

In addition, not only does it appear that Plebaniak ignored multiple notices about this case and the default judgment, but he then entered into an agreement with Achte to satisfy the judgment and even made the first payment on that agreement. Accordingly, this Court finds that Plebaniak's motion is untimely.

      C.      <u>Other Factors Weigh Against Vacating the Default Judgment</u>

As stated above, this Court must also consider other equitable factors to determine whether relief from judgment is appropriate, such as the existence of exceptional circumstances, whether Achte will suffer any prejudice if the judgment is vacated, and whether Plebaniak has a potentially meritorious defense. <u>Kayser-Roth Corp.</u>, 272 F.3d at 95 (citing <u>Teamsters</u>, 953 F.2d at 19). The Court finds that these factors weigh against vacating the default judgment.

First, Plebaniak has not alleged any exceptional circumstances warranting relief in this case and, indeed, the Court finds that Plebaniak's conduct led to the default judgment. Plebaniak has not argued that he never had notice of this case, the notice of default or the entry of default judgment. It appears that he simply made a decision not to defend the case.

In addition, Achte may be somewhat prejudiced by setting aside the default judgment. Achte has spent time, effort and expense enforcing the default judgment. Only now, after a long passage of time, and after making a payment on the default judgment, does Plebaniak seek to set aside the default judgment.

The only factor possibly weighing in favor of his motion is that Plebaniak may have a meritorious defense. In order to set aside a judgment, "a movant need not establish that it possesses an ironclad claim or defense which will guarantee success at trial" but he "must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will

bring success in its wake." Teamsters, 953 F.2d at 21. Although Plebaniak has not denied infringement,[8] it appears that he has attempted to call into question Achte's entitlement to statutory damages and legal fees. In other words, he has focused his challenge on the amount of available damages.

### D. Plebaniak Is Not Entitled To Relief Under Rule 60(b)

Even if Plebaniak's motion were timely, and even if equitable factors weighed in favor of setting aside the default judgment, his motion would still fail because he has failed to show that he is entitled to relief under any of the cited subsections of Rule 60(b).

#### 1. Plebaniak Is Not Entitled To Relief Under Rule 60(b)(2)

Plebaniak argues that the default judgment calls for relief under Rule 60(b)(2) because newly discovered evidence, namely, the fact that Far Cry was released on October 2, 2008 was not reasonably available to Plebaniak until Achte answered the Second Amended Complaint in the Class Action. Plebaniak Mem. at 22. This Court disagrees.

##### a. Statutory Damages Under The Copyright Act

In order to understand Plebaniak's arguments, some background regarding copyright infringement damages is necessary.[9] Pursuant to 17 U.S.C. § 504(a), a copyright owner may elect to recover statutory damages instead of actual damages for copyright infringement. Id.[10] In

---

[8] Although Plebaniak states that "[he] had not seen or heard of the movie "Far Cry" before receiving the [settlement] letters" Plebaniak Aff. at ¶ 9, he has not denied that he downloaded the movie.

[9] This background is also relevant to Plebaniak's argument that the default judgment should be vacated pursuant to Rule 60(b)(3) because it was procured through fraud.

[10] Statutory damages may range from $750 to $30,000 "as the court considers just." 17 U.S.C. § 504(c)(1). If the Court finds that the infringement was willful, it may award statutory damages up to $150,000. 17 U.S.C. § 504(c)(2).

-12-

addition, the copyright owner may be able to recover its attorneys fees. 17 U.S.C. § 505. However, 17 U.S.C. § 412(2) mandates that, in order to recover statutory damages and attorneys' fees, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work. Id. Here, the District Court awarded Achte $30,000 in statutory damages and $1,595 in attorneys' fees and costs.

Plebaniak alleges that Achte submitted a copyright registration for Far Cry on or about January 19, 2010 claiming that Far Cry was first published on November 24, 2009, though Achte knew that the claimed publication date was false. Plebaniak Mem. at 3. Plebaniak also alleges that the real date of publication was October 2, 2008 and the effective registration date was January 19, 2010. Id. at 3, 11-12. According to Plebaniak, Achte lied about the real date of publication in order to maximize its ability to collect statutory damages. Id.

Plebaniak also alleges that in connection with the D.C. Lawsuit, Achte accused him of infringing Far Cry on January 6, 2010, before the registration. Plebaniak Mem. at 13. According to Plebaniak, that pre-registration date, not mentioned in Achte's pleadings in this case, would automatically bar Achte's claim of statutory damages. Id. However, in the Complaint in this action, Achte accused Plebaniak of infringement occurring on March 11, 2010, making no mention of Plebaniak's alleged pre-registration infringement.[11] Id. Plebaniak further alleges that it was not until April 25, 2012, when Achte filed its answer in the Class Action, that

---

[11] Plebaniak argues that Achte alleges joint and several liability for group infringement and, therefore, the March 11, 2010 infringement is inseparably linked to the January infringement. Plebaniak Mem. at 12.

it first admitted that it published Far Cry on October 2, 2008, more than one year before registration, making it ineligible to receive statutory damages. Id.

      b.      Plebaniak Has Not Shown That There Is Any Newly Discovered Evidence Within The Meaning Of Rule 60(b)(2)

Rule 60(b)(2) provides that a party may seek relief from judgment based on "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "The rule is 'aimed at correcting erroneous judgments based on the unobtainability of evidence.'" Eastern Sav. Bank v LaFata, 344 B.R. 715, 723 (1st Cir. B.A.P. 2006) (quoting Hoult v. Hoult, 57 F.3d 1, 5 (1st Cir. 1995)).

"Newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." Rivera v. M/T Fossarina, 840 F.2d 152, 156 (1st Cir. 1988) (denying Rule 60(b)(2) motion based on evidence that came into existence after the Court's judgment). "[A] party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings." Fisher v. Kadant, Inc., 589 F.3d 505, 513 (1st Cir. 2009).

Plebaniak argues that Achte's admission that it published Far Cry on October 2, 2008 is newly discovered evidence that was not reasonably available to Plebaniak at the time of the default judgment. Plebaniak Mem. at 14. This Court disagrees.

Plebaniak could have discovered the date of Far Cry's first publication by reasonable internet search as of November 24, 2010, the date of the filing of the Class Action. The Complaint in the Class Action alleges the first date of publication was October 2, 2008. Class

Action Complaint, Docket No. 1, at ¶ 104.  A simple search of the Internet Movie Database, http://www.imdb.com, or Wikipedia would have shown that Far Cry was first released in theaters in Germany on October 2, 2008.  See Class Action Complaint, Docket No. 1, at n. 46 and Ex. H and I thereto.  Indeed, it appears that is how Shirokov and his lawyers discovered the alleged date of publication of Far Cry.  Id.  Plebaniak offers no reason why he did not make any efforts to obtain this information prior to the default judgment.  As stated above, Plebaniak appears to have simply ignored this action for months.

Moreover, even if Plebaniak is correct, Achte may still be entitled to statutory damages. The Complaint in this case alleges Plebaniak downloaded Far Cry on March 11, 2010, making him subject to statutory damages.  Under the circumstances, this Court finds that Plebaniak has failed to show that, had he exercised due diligence, this information would not have been available earlier.  Accordingly, the Court finds that Plebaniak is not entitled to relief from judgment under Rule 60(b)(2).

       2.       <u>Plebaniak Has Not Shown That He Is Entitled To Relief Under Rule 60(b)(3)</u>

Plebaniak also argues that the District Court should vacate the default judgment pursuant to Rule 60(b)(3) because Achte procured it through misrepresentations to the District Court. Plebaniak Mem. at 11-14.  Rule 60(b)(3) authorizes federal courts to vacate a final judgment upon a showing that the adverse party has committed "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct."  Fed. R. Civ. P. 60(b)(3).  "Rule 60(b)(3) is designed to afford protection against judgments that are unfairly obtained rather than against judgments that are factually suspect."  <u>Karak v. Bursaw Oil Corp.</u>, 288 F.3d 15, 22 (1st Cir. 2002).  In order to obtain relief under Rule 60(b)(3), the moving party must show "misconduct-

such as fraud or misrepresentation-by clear and convincing evidence," and "that the misconduct foreclosed full and fair preparation or presentation of [his] case." Id. at 21.

Plebaniak argues that Achte and its counsel knew that Achte was not entitled to statutory damages but fraudulently claimed otherwise in their motion for default judgment. Id. at 11. Plebaniak's arguments fail. First, he has not shown clear and convincing evidence of misconduct or fraud on the part of Achte. Plebaniak's allegations are largely based on the Class Action allegations and this Court's Report and Recommendation (subsequently adopted by the District Court) concluding that some of the claims in the Class Action survived the defendants' motion to dismiss. However troubling the allegations in the Class Action, they are only allegations at this time. The fact that Achte may now have admitted that the first date of publication of Far Cry was October 2, 2008 does not clearly and convincingly show that Achte engaged in fraud or misconduct in this case.[12] Here, Achte only sought damages in the Complaint for conduct that allegedly occurred after the registration date, and therefore subject to the award of statutory damages.

Even if Plebaniak had made an adequate showing of misconduct, however, any misrepresentations to the Court did not inhibit him from fully and fairly preparing his case. As discussed above, the facts necessary to mount a defense to Achte's claim for statutory damages and attorneys' fees were discoverable at the outset of this case by the exercise of due diligence. Plebaniak has not shown that his failure to fully and fairly prepare this case was the result of anything other than his own reluctance to undertake an investigation and defend this case.

---

[12] In addition, erroneous legal arguments are not what Rule 60(b)(3) means by fraud or misstatement. Welzel v. United States, No. 06-838, 2008 WL 3972043, at *2 (D.D.C. Aug. 27, 2008).

Accordingly, the Court finds that Plebaniak has not shown that he is entitled to relief under Rule 60(b)(3).

       3.      <u>Plebaniak Has Not Shown That He Is Entitled To Relief Under Rule 60(b)(5)</u>

Plebaniak also invokes Rule 60(b)(5), which, in relevant part, allows federal courts to provide relief from a judgment if the judgment has been "satisfied." Fed. R. Civ. P. 60(b)(5). As under the other subsections of Rule 60(b), Plebaniak bears the burden of showing that he is entitled to relief from judgment. <u>Consumer Advisory Board v. Harvey</u>, 697 F. Supp. 2d 131, 135 (D. Me. 2010) (citations omitted). Plebaniak argues that the default judgment must be vacated because it has been fully satisfied by prior settlement of claims made in the D.C. Lawsuit. Plebaniak Mem. at 14-17.

"Copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable." <u>Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.</u>, 453 F.2d 552, 554 (2nd Cir. 1972) (citations omitted). Accordingly, the one-satisfaction rule, which provides that payments previously made by persons jointly liable shall be credited to the sums due by judgment, has been found applicable to infringement suits under the Copyright Act. <u>TMTV Corp. v. Mass Productions, Inc.</u>, No. 00-1338, 2009 WL 890456, at *1 (D.P.R. Mar. 27, 2009). In addition, some courts have found that Rule 60(b)(5) is an appropriate vehicle through which to seek credit against all or part of a judgment for the amount paid by a settling co-defendant. <u>See</u>, <u>e.g.</u>, <u>BUC Int'l Corp. v. Int'l Yacht Council Ltd.</u>, 517 F.3d 1271, 1275 (11th Cir. 2008); <u>TMTV Corp.</u>, 2009 WL 890456 at *1. Based on these principles, Plebaniak argues that amounts recovered by Achte in settlements of claims asserted in the D.C. Lawsuit must be credited against the default judgment against him.

Plebaniak argues that Achte alleges that each of the Doe Defendants in the D.C. Lawsuit (including Plebaniak) engaged in joint infringement of the same rights in the same movie by engaging in the same acts over the internet. Plebaniak Mem. at 5, 14-17.[13] He also alleges that Achte has received settlements from other Doe Defendants far in excess of the maximum amount allowed under the law and that prior satisfaction justifies vacating the judgement against Plebaniak under Rule 60(b)(5). Id. Otherwise, Achte will be receiving a windfall. Id. at 14. This Court disagrees.

First, it is not clear whether Plebaniak would be jointly and severally liable with other Doe Defendants in the D.C. Lawsuit. Achte's allegations regarding the nature of the infringement were made in connection with the D.C. Court's determination whether joinder was appropriate under Rule 20 of the Federal Rules of Civil Procedure. The issue of whether joinder is appropriate in copyright cases like this one is hardly settled. See Next Phase Distrib., Inc. v. Does 1-27, No. 12 Civ. 3755, 2012 WL 3117182, at *3-6 (S.D.N.Y. July 31, 2012) (collecting cases and describing in more detail the district court split); see also Third Degree Films v. Does 1-47, 286 F.R.D. 188, 193 (D. Mass. 2012) ("The majority of courts holding that joinder is improper in like cases have held so on the basis that the allegations do not arise out of the same transaction, occurrence, or series of transactions or occurrences.") (collecting cases). In any event, joinder is not limited to situations where defendants are alleged to be jointly liable. In re EMC Corp., 677 F.3d 1351, 1357 (Fed. Cir. 2012).

---

[13] At oral argument, Plebaniak's counsel stated that the D.C. Lawsuit seeks to impose joint and several liability. It is not clear that it does. While it is true the complaint alleges joint activity, the prayer for relief does not explicitly seek joint and several liability.

Second, even if Plebaniak had shown that other Doe Defendants were jointly and severally liable with him for any alleged infringement, he has failed to show that satisfaction of the judgment has actually occurred or that they are so liable for the same act of infringement. Plebaniak cites to two other judgments deriving from the D.C. Lawsuit but there is no evidence that Achte has collected on either of those judgments. Plebaniak also alleges that Achte has "obtained millions more in inflated settlements" but offers no factual support for that allegation. Instead, Plebaniak's calculations are unsubstantiated.

Accordingly, this Court finds that Plebaniak has failed to satisfy his burden that he is entitled to relief from judgment under Rule 60(b)(5).

### 4. Plebaniak Is Not Entitled To Relief Under Rule 60(b)(6)

Finally, Plebaniak relies on Rule 60(b)(6), which provides for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is granted only in extraordinary circumstances. Eastern Savs. Bank, 344 B.R. at 726 (citing Valley Citizens for a Safe Environment v. Aldridge, 969 F.2d 1315, 1317 (1st Cir. 1992)).

Rule 60(b)(6) is mutually exclusive from relief available under subsections (b)(1) - (5), and a party may use Rule 60(b)(6) only when the other subsections do not apply. Ungar v. Palestine Liberation Organization, 599 F.3d 79, 85 (1st Cir. 2010). "The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005). Here, Plebaniak has not set forth any separate grounds for relief under Rule 60(b)(6). In any event, the Court finds that Plebaniak is not entitled to relief from judgment under Rule 60(b)(6).

IV.   CONCLUSION

Although it is preferable to resolve disputes on their merits, and pro se litigants should be afforded some leeway, a litigant's pro se status does not exempt him from compliance with relevant rules of procedure and substantive law. Martinez-Velez v. United States, 2010 WL 3811919 at *1. Having carefully considered the facts and circumstances of this case, this Court recommends that Plebaniak's motion to set aside the default judgment be denied.

V.   RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case DENY Plebaniak's motion for relief from default judgment.

VI.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

-20-